**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2009

Charles R. Fulbruge III
Clerk

No. 09-10395
Summary Calendar

ROBERT MAY,

Plaintiff - Appellant

v.

NORTH TEXAS STATE HOSPITAL, et al.,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:08-cv-25

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Robert May, *pro se*, appeals the dismissal of his 42 U.S.C. § 1983 complaint. We AFFIRM.

On March 5, 2008, Robert May filed a civil rights complaint asserting various claims against North Texas State Hospital and several other defendants. At the time this complaint was filed, May was a psychiatric patient at North Texas State Hospital.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On November 7, 2008, all but one of May's claims were dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). In his remaining claim, May contended that he was unlawfully forced to take psychiatric medication while confined at North Texas State Hospital. He sought damages and injunctive relief in the form of his immediate release as well as the closure of the entire facility. This claim was subsequently dismissed for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Because May is proceeding *pro se*, his pleadings will be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). May's request for immediate release was mooted when he was released from the hospital in July 2008. Even with a generous reading, the only remaining claim is against the North Texas State Hospital for forcing him to take psychiatric medication.

We review a dismissal pursuant to Section 1915(e)(2)(b)(ii) using the same *de novo* standard applicable to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). We will consider the plaintiff's allegations to be true, then affirm only if no relief could be granted on the facts alleged. *Id.*

North Texas State Hospital is a division of the Texas Department of Mental Health and Mental Retardation. *See* TEX. HEALTH & SAFETY CODE § 532.001(b)(8). It is therefore a state agency for the purpose of Eleventh Amendment immunity. *See Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. 1981) (holding that Rusk State Hospital, exclusively controlled by the same Texas department, was a state agency for Eleventh Amendment purposes). Absent an express waiver, the Eleventh Amendment precludes suits in which a state agency is named as a defendant. *Pennhurst State Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89, 100 (1984).  There is no suggestion that Texas has waived its Eleventh Amendment immunity in this case.

There is a narrow exception to Eleventh Amendment immunity. *See Ex Parte Young*, 209 U.S. 123 (1908).  It applies to suits that allege a violation of federal law that are "brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect." *Aguilar v. Tex. Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

The district court held that the *Ex Parte Young* exception was inapplicable because May did not seek prospective injunctive relief from any individual sued in an official capacity.  May argues the district court must not have read his response to the motion to dismiss in which he named two psychiatrists, Dr. Shirro and Dr. Solven, as the individuals who prescribed or administered his psychiatric medication.  However, neither individual is named as a defendant in the complaint, and May has not amended his complaint to add either of them.  Therefore, the *Ex Parte Young* exception does not apply.

Since immunity has not been waived and the *Ex Parte Young* exception does not apply, the district court correctly held that the Eleventh Amendment precluded May's Section 1983 claim against North Texas State Hospital.  Accordingly, the district court's dismissal of this claim is AFFIRMED.